UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL MARZOCCHI :
:
vs. : CA No. 04-545-ML
:
UNITED STATES OF AMERICA :

**MEMORANDUM AND ORDER**

Mary M. Lisi, United States District Judge.

Michael Marzocchi has filed a Motion under 28 U.S.C. § 2255 To Vacate, Set Aside or Correct Sentence ("motion to vacate"). For the reasons that follow, this Court denies the requested relief and dismisses the instant proceeding.

BACKGROUND AND TRAVEL

On September 19, 2003 Marzocchi pled guilty to conspiracy to commit bank fraud and conspiracy to defraud the Internal Revenue Service, both in violation of 18 U.S.C. § 371. In connection with his plea, he signed a written plea agreement that *inter alia* set forth the amount of loss from the offenses as $1,372,875.40.

Pursuant to the Sentencing Guidelines, the Presentence Investigative Report (PSR) calculated separate offense levels of 21 each for the bank fraud offense and the tax fraud offense, respectively. The bank fraud offense level included an 11-step adjustment based on the amount of loss stipulated in the plea agreement, see USSG § 2F1.1(b)(1)(L), as well as a two-point increase because the offense involved more than one victim. The offense level calculated for the tax fraud offense included two points for Marzocchi's role as an organizer or leader as to this

offense and two points for abuse of trust.

At the sentencing hearing on December 19, 2003 – at which Marzocchi was represented by two attorneys – this Court sustained his objection to the PSR's assessment of two points based on abuse of trust as to the bank fraud offense, resulting in a net offense level of 19 for that offense. The Court also denied the Government's request for a three-level increase under USSG § 3B1.1 (aggravating role in the offense), to which Marzocchi had also objected. Under the Guidelines grouping provisions, see USSG § 3D1.4, two points were added to the higher offense level (21) to obtain a combined offense level of 23. After a three-level reduction for acceptance of responsibility, the total offense level for both offenses was 20. With a criminal history level of I, Marzocchi's guideline sentencing range was determined to be 33 - 41 months.

Based on the foregoing, this Court sentenced Marzocchi to 33 months imprisonment, followed by three years of supervised release. He was also ordered to pay $966,512.40 in restitution. Marzocchi did not appeal his conviction or sentence, and thus his conviction became final no later than January 7, 2004.

On December 16, 2004 Marzocchi filed the instant motion to vacate his sentence. In his initial motion, Marzocchi claimed that this Court violated his Sixth Amendment rights by increasing his sentence based upon facts not admitted in the plea agreement. After the Government responded, Marzocchi filed an "Amended Habeas Petition and Reply" ("Reply") in which he purported to "amend" his claim[1] to reflect the Supreme Court's recent decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). The matter is now ready for decision.

---

[1] See discussion infra, note 2.

DISCUSSION

A. General Principles

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. §2255, ¶ 1.

Generally, the grounds justifying relief under §2255 are limited. A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. See United States v. Addonizio, 442 U.S. 178, 184-185, 99 S.Ct. 2235 (1979) ("An error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.")(internal quotes omitted).

Moreover, a motion under §2255 is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). A movant is procedurally precluded from obtaining § 2255 review of claims not raised on direct appeal absent a showing of both "cause" for the default and "actual prejudice" -- or, alternatively, that he is "actually innocent" of the offense for which he was convicted. Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted). See also Brache v. United States, 165 F.3d 99, 102 (1st Cir. 1999).

As restated in his Reply,[2] Marzocchi's claim is that the enhancement of his sentence

---

[2] Because the purported "amendment" in the Reply does not add any new claim, but merely seeks to invoke Booker in support of Marzocchi's original claim – which decision would apply in any case, see Cirilo-Munoz, 404 F.3d 527, 532 (1st Cir. 2005) – no motion to amend under Fed. R. Civ. P. 15 is required for the Reply to be considered.

based upon facts not admitted in his plea agreement violated his Sixth Amendment rights under Booker, 543 U.S. 220, Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000). He further asserts that Booker does not represent "new law," but is merely an extension of Apprendi and thus is retroactively applicable to his case. See Reply at 1-6.

This claim fails in two respects. First, contrary to Marzocchi's assertions, the Court of Appeals for this circuit has determined, in accord with other courts of appeal, that neither Booker nor Blakely is retroactively applicable to cases on collateral review. See United States v. Fraser, 407 F.3d 9, 11 (1st Cir. 2005)(Booker claims); Cirilo-Munoz, 404 F.3d 527, 532 (1st Cir. 2005) (same, citing case law from other circuits); Cuevas v. Derosa, 386 F.3d 367, 368 (1st Cir. 2004)(Blakely claims). Marzocchi's conviction became final on or about January 7, 2004, more than more than six months prior to the decision in Blakely and one year before Booker. Thus, Marzocchi's reliance on these two decisions is fruitless.

Marzocchi's argument that neither Blakely nor Booker established "new law" vis-a-vis Apprendi is likewise unavailing. Even though Apprendi -- decided prior to Marzocchi's conviction -- is applicable, there was no Apprendi violation in his underlying case. As described in Booker, the Supreme Court held in Apprendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244, 125 S.Ct. at 756 (emphasis added). Here, the adjustments to Marzocchi's guideline sentencing range were based, as to the bank fraud offense, on the amount of the loss ($1,372,875.40) and the number of victims involved in the

offenses, and as to the tax fraud offense, on Marzocchi's role as an organizer and leader of the criminal activity and his abuse of trust. It is undisputed that Marzocchi admitted or acknowledged the foregoing facts in the course of his guilty plea and sentencing. Moreover, Marzocchi did not raise any claim under Apprendi in his underlying criminal case. Thus, there was no error in the this Court's calculation of Marzocchi's Guideline sentencing range.

The Court has reviewed Marzocchi's other arguments and finds them to be without merit.

## CONCLUSION

In view of the foregoing considerations, the instant motion to vacate sentence pursuant to 28 U.S.C. § 2255 is hereby DENIED and dismissed.

So Ordered:

Mary M. Lisi
Mary M. Lisi
United States District Judge
June 9, 2006